**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS RODRIGUEZ-ESPARZA, | No.  18-72386 |
| Petitioner, | Agency No. A029-202-189 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021**
Pasadena, California

Before:  MILLER and LEE, Circuit Judges, and HILLMAN,*** District Judge.

Luis Rodriguez-Esparza, a native and citizen of Mexico, petitions for review

of an order of the Board of Immigration Appeals affirming an immigration judge's

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

denial of his application for withholding of removal and protection under the

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

§ 1252(a)(1). We deny the petition.

1. While we lack jurisdiction to review the ultimate determination that a crime is particularly serious, we have jurisdiction to decide whether the Board applied the correct legal standard and whether it abused its discretion by failing to consider the appropriate factors and evidence. *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019). The Board correctly stated that under *Matter of Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), it was required to consider whether "the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc)).

The Board did not abuse its discretion in concluding that Rodriguez-Esparza's conviction on four counts of transporting and selling a controlled substance, in violation of California Health & Safety Code § 11352, is a particularly serious crime rendering him ineligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii) (statutory withholding); 8 C.F.R. § 1208.16(d)(2) (withholding under the CAT). The Board considered the nature of the conviction— a drug offense—and found that "drug trafficking is dangerous to those involved as

2

well as to society in general." In adopting and affirming the immigration judge's decision, the Board considered the case-specific facts surrounding Rodriguez-Esparza's conviction: that he pleaded guilty to four counts committed on separate days; that he possessed at least 28.5 grams of cocaine; that "he did not know the vehicle he was driving contained drugs"; and that he pleaded guilty only "because the owner of the tire shop where he was employed promised to reward him with money if he took the blame." *See Flores-Vega*, 932 F.3d at 885. Finally, the Board expressly considered the length of the sentence. The Board was not required to find Rodriguez-Esparza's conviction not particularly serious simply because he received the statutory minimum sentence. *See id.*

2.      Reviewing its "legal conclusions de novo and its factual findings for substantial evidence," we conclude that the Board did not err in denying Rodriguez-Esparza deferral of removal under the CAT. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). The Board concluded that even though Rodriguez-Esparza had been tortured by cartel members in Mexico, he had not established the requisite state action. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 363 (9th Cir. 2017). The Board considered Rodriguez-Esparza's "credible but sparse testimony that he heard voices over two-way radios and, despite his eyes being covered most of the time, he saw boots, blue pants with a stripe, and a patch on a shirt" but found it "insufficient to establish the involvement

3

of a public official." Without more, Rodriguez-Esparza's testimony does not compel the conclusion that the men he described were police officers.

The Board also approved the immigration judge's finding that the country conditions evidence was insufficient to "show that government officials in Mexico would participate or would be otherwise willfully blind to [Rodriguez-Esparza's] torture at the hands of criminals." The country reports do not compel a contrary conclusion. In *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1185–86 (9th Cir. 2020), we held that country reports documenting pervasive corruption between local Mexican police and the Zetas cartel compelled the conclusion that public officials would acquiesce in future torture where the petitioner had credibly testified that local officials had already acquiesced in her past torture. By contrast, Rodriguez-Esparza has not shown a link between his past torture at the hands of private cartel members and general reports of corruption in Mexico sufficient to compel the conclusion that public officials would acquiesce in any future torture.

Finally, the Board did not impermissibly fault Rodriguez-Esparza for failing to establish his inability to relocate within Mexico. *See Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc). Instead, the immigration judge found "insufficient evidence to make a finding" on relocation and therefore relied "more heavily" on other factors in denying relief. Recognizing that relocation was not a "significant factor" in the immigration judge's analysis, the Board did not err in

4

affirming due to a lack of government acquiescence.

**PETITION DENIED.**